UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE


| | | |
|---|---|---|
| JOSH CLAWSON #351786 | ) | |
| | ) | |
| v. | ) | NO. 2:06-CV-124 |
| | ) | |
| CARTER COUNTY JAIL, OFFICER | ) | |
| HOLTSCLAW, OFFICER JOHNSON, | ) | |
| and SHERIFF JOHN HENSON | ) | |

**MEMORANDUM and ORDER**

Josh Clawson, a prisoner in the Carter County Jail, brings this *pro se* civil rights complaint under 42 U.S.C. § 1983, seeking damages from the Carter County Jail, the County Sheriff, and two officers for alleged violations of his constitutional rights.

The plaintiff's application to proceed *in forma paupers* is **GRANTED** and he is **ASSESSED** the filing fee of three hundred and fifty dollars ($350). The custodian of the plaintiff's inmate trust account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial partial payment, twenty percent (20%) of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the account, for the six (6) months immediately preceding the filing of the complaint. 28 U.S.C.§ 1915(b)(1).

After full payment of the initial partial filing fee, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income credited to the account,

but only when the amount in the account exceeds ten dollars ($10), until the full $350 fee has been paid to the Clerk of Court.[1]  28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to mail a copy of this Order to the custodian of inmate trust accounts at the plaintiff's place of confinement and also to George Little, the Commissioner of the Tennessee Department of Correction, to ensure compliance with the assessment procedures outlined herein.

1. The plaintiff's allegations

The plaintiff makes the following allegations in his complaint.  On February 22, 2006, while the plaintiff was confined in the temporary housing pods of the Carter County Jail, the two officer defendants instigated an argument with the plaintiff regarding his jail-issued uniform. They then applied handcuffs and shackles to the plaintiff and, without any provocation on his part, began to beat him—all of which was captured on video film. He also was placed in lockdown for something over which he had no control.

2. Screening the complaint

The Court must now review the complaint to determine whether it states a claim entitling the plaintiff to relief or is frivolous or malicious or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2) and § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997).  If so, this suit (or individual defendants or claims against them) must be dismissed.

---

[1]  Payments should be mailed to:   Clerk's Office, USDC
                                     220 West Depot Street, Ste. 200
                                     Greeneville, TN 37743.

The first defendant named in the complaint is the Carter County Jail. However, this particular defendant is a building and not an entity which may be sued under § 1983. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). *See also Monell v. Department of Social Services*, 436 U.S. 658, 689-90 n. 53 (1978) (Only "bodies politic" are "persons" who can be sued under 42 U.S.C. § 1983.). Because the Carter County Jail is not susceptible to suit, it is **DISMISSED** from this action.

The plaintiff also names (now former) Sheriff John Henson as a defendant. However, none of the allegations made in the complaint relates to this defendant. Absent some contention of wrongdoing against the former sheriff, the plaintiff fails to state a claim against him. Therefore, defendant John Henson is also **DISMISSED** from this lawsuit.

The plaintiff's claims that the remaining two defendants assaulted him, without provocation, while his feet and hands were in restraints, survive this initial screening.

The Clerk is **DIRECTED** to send the plaintiff two service packets for defendant Officers Holtsclaw and Johnson. (Each packet contains a blank summons and USM 285 form.) The plaintiff is **ORDERED** to complete the service packets and to return them to the Clerk's office within twenty (20) days of the date of date on this Order. The plaintiff is forewarned that failure to return the completed service packets within the time required could jeopardize his prosecution of this action.

When the completed service packets are received by the Clerk, the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service upon the defendants. The defendants are **ORDERED** to respond to the plaintiff's pleadings in the

manner and within the time required by the Federal Rules of Civil Procedure.

The plaintiff is **ORDERED** to inform the Court of any address change within ten (10) days following such change.  He is further cautioned that his failure to do so will result in a dismissal of this action for failure to prosecute.

**ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE